## Christy *against* Crawford.

The amount of an award of arbitrators appealed from by the defendant, is a lien upon his land, but not the costs which subsequently accrue upon the trial of the cause.

ERROR to the Common Pleas of *Mercer* county.

James Christy against William Crawford. This was a *scire facias* upon a mortgage, in which the parties agreed to the following special verdict:

The mortgage in this case, dated the 25th February 1839, and recorded 30th March 1839, was given to secure the payment of $2040, according to the condition of a bond bearing same date therewith, and referred to in said mortgage. The land embraced in said mortgage was conveyed to defendant by deed bearing same date of the mortgage, under whom terre-tenants claim title. Certain payments were made on said bond and on incumbrances, which are admitted to be proper credits in liquidation of the amount. The bond accompanying the mortgage contains the following condition, to wit: "Provided nevertheless that the said Christy in the mean time remove every incumbrance from a certain piece of land purchased by the said Crawford from the said Christy, being part of lot No. 74 in the 4th district of donation land, to secure the purchase money of which the above bond is given, so as wholly to secure the said Crawford from any incumbrances now existing on said premises in any manner; and if the said Christy fails to do so, then the said Crawford to retain out of said payment sufficient to satisfy any and all of said incumbrances as necessity may require."

On the 25th January 1839, Robert Campbell recovered an award of arbitrators against said Christy in the Common Pleas of Mercer county for $294.10, from which the defendant appealed and paid all the costs which had accrued thereon; and on the 27th June 1840 the cause was tried by a jury, and a verdict and judg-

[Christy v. Crawford.]

ment were recovered in favour of the plaintiff for $332.25. The plaintiff's bill of costs, accruing subsequently to the award of arbitrators, amounts to $113.94; the difference between the award and interest and the verdict is $13.94, which last-mentioned sums the defendants claim to have deducted from the balance due on the mortgage. The award and interest, and the costs which accrued on the writs of execution issued on the judgment, have been paid. If the court should be of the opinion that these items are a lien on said land in the hands of the purchasers (who are terre-tenants), and that they are entitled to resist a recovery for so much in this case, then judgment to be entered, and the amount of the said items to be deducted; otherwise, judgment to be entered, amount to be liquidated excluding said items. The court will also decide whether incumbrances existing against the land at the date of said mortgage, can be retained out of said mortgage before payment of the same.

The court below was of opinion that the amount recovered by the verdict of the jury, except $13.94, together with the accruing costs, should be deducted from the amount of the bond, and that the amount of the incumbrance should be retained by the terre-tenants.

Stewart, for plaintiff in error.
Holstein, for defendant in error.

The opinion of the Court was delivered by
KENNEDY, J.—The question for determination in this case arises out of the 24th section of the Act of Assembly of the 16th June 1836, relating to reference and arbitration. This section is applicable only to awards entered by the prothonotary in the proper docket, under a compulsory arbitration, as it is called in the Act. The words of the section are, " Every award so entered (that is, entered by the prothonotary in the proper docket forthwith upon being transmitted to him by the arbitrators, as directed in the three preceding sections of the Act) shall have *the effect of a judgment* with respect to the party against whom it is made, from the time of the entry thereof, and shall be a *lien* upon his real estate, until reversed upon appeal, or satisfied according to law." The award was entered by the prothonotary upon the 25th January 1839, against James Christy, the plaintiff, who was the defendant in the action wherein the award was made, for $294.10. Christy paid all the costs which had accrued in the action, including the entering of the award; but being dissatisfied with the amount of it, appealed from it, and afterwards, upon trial in the Court of Common Pleas of Mercer county, to which he appealed, a verdict and judgment were given against him on the 27th of June 1840, in favour of the plaintiff, for $332.25 damages, beside the costs which accrued on the appeal, amounting to $113.94. The amount of the

[Christy v. Crawford.]

damages thus recovered exceeded the amount of the award and interest thereon $13.94, which, added to the costs of the appeal, form an aggregate sum of $127.88. A month after the entry of the award in the proper docket by the prothonotary, the defendant, on the 25th February 1839, purchased of Christy his real estate, upon which the award was a lien by the terms of the 24th section recited above, and the appeal therefrom still depending untried. On the same day, the defendant received a deed of conveyance from Christy for the estate, and thereupon gave a mortgage upon the same to Christy, securing the payment of the purchase money. It was agreed also between the parties, at the same time, that if Christy did not pay off the liens or incumbrances then existing upon the estate, Crawford, the defendant here, should retain the amount of such as remained unpaid by Christy, out of the purchase money secured to be paid by the mortgage. The question then is, can the $127.88 above-mentioned be considered as an incumbrance existing against the estate when the defendant purchased, so as to entitle him to deduct or retain the same out of the money secured by the mortgage?

The court below decided that it was an incumbrance, and accordingly allowed the defendant to deduct and retain it out of the money otherwise due upon the mortgage. It is not easy to discover upon what principle the court founded their decision. The 24th section of the Act of 1836, making the award a lien upon the real estate of the party against whom it is made, from the time of the entry thereof by the prothonotary in the proper docket, is too plain to admit of any but one construction. It makes the *award* a lien, which can only be construed to mean the amount of the money thereby adjudged to be paid, together with the costs which shall have accrued thereon. No additional or further sum of money can be considered as forming any part of, or as being embraced in the award. It is the *award* that is made a lien, and it is inconceivable how the lien of it can be extended to that which formed no part of it at the time, and could not be said even to have had an existence. If the lien of the award were held to cover any additional sum that should be recovered on the appeal and the costs thereof, beyond the amount of the award, with the interest thereon, it might render it very unsafe in many instances for any one to purchase of a person his real estate, which was bound by an award against him for the payment of money, however valuable the estate and small the sum of money mentioned in the award might be, if appealed from, as long as the appeal should be depending. For, in actions of slander, or cases of trespass, where exemplary or vindictive damages are recoverable, the award might not exceed $100 against the defendant; and yet the jury afterwards, on an appeal from it, might give some thousands. The award is made a lien upon the real estate of the party against whom it is made, in like manner as a judgment,

I *

[Christy v. Crawford.]

until it shall be reversed upon appeal, or satisfied according to law. But certainly it has never entered into the mind of any one to hold that a judgment can be considered a lien upon the real estate of the person against whom it exists beyond the amount of money mentioned in it. In short, it would be an anomaly, if not worse, to say that a thing which is not in being, and wholly incapable of being ascertained in its amount, is a lien upon the real estate of any one. Such a theory does not and cannot exist. Being clearly then of opinion, that that which was claimed by the defendant to be an incumbrance upon the estate purchased by him was not so, it is therefore unnecessary to pass upon the second question made in the case, whether he could, under the agreement between him and the plaintiff, claim to have it deducted from the mortgage money without paying it to Campbell.

The judgment of the court below is reversed, and judgment for the plaintiff, including the $127.88, or whatever the real difference may be, between the amount of the award with interest thereon from the time it was entered, and the amount of the verdict and judgment given on the appeal, including the costs of the same.

Judgment reversed.